**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| In re | ) Case No. 04-03063 |
| | ) (Chapter 11) |
| ALOHA AIRGROUP, INC., et al., | ) (Jointly Administered) |
| | ) (Honorable Robert J. Faris) |
| Debtors. | ) |
| | ) |
| | ) HEARING |
| This document relates to: | ) Date: January 13, 2005 |
| | ) Time: 11:00 a.m. |
| ALL CASES | ) |
| | ) Re Docket Entry No. 33 |
| | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RESPECTING DEBTORS'
RETENTION OF GENERAL COUNSEL
(GELBER, GELBER, INGERSOLL & KLEVANSKY)**

The Amended Application for Order Authorizing Retention of General Counsel (Gelber, Gelber, Ingersoll & Klevansky) (the "Application"), filed on January 2, 2005 by ALOHA AIRGROUP, INC. and ALOHA AIRLINES, INC., debtors and debtors-in-possession (the "Debtors"), was heard on January 13, 2005 before the Honorable Robert J. Faris, United States Bankruptcy Judge. Appearances of counsel were noted on the record at the hearing.

The only objection to approval of the Application was filed by the Office of the United States Trustee. The United States Trustee objects to the Application because Gelber, Gelber, Ingersoll & Klevansky ("GGI&K) represents certain direct and indirect shareholders of Hawaiian Airlines (the "Hawaiian Airlines Majority Shareholders") and RC Aviation, L.L.C. ("RC Aviation"), an entity which recently acquired claims against Hawaiian Airlines. Hawaiian Airlines is a marketplace competitor of Aloha Airlines and is also a debtor in a Chapter 11 bankruptcy proceeding before this Court.

The Court has considered the Application, and the memoranda and other documents filed in support of the Application (including the Supplemental Declaration of Counsel in Support of Amended Application, filed January 26, 2005) and in opposition thereto, and has heard the arguments of counsel at the hearing. Based thereon and the relevant portions of the record herein, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

A. GGI&K does not represent Hawaiian Airlines or its trustee in the Hawaiian Airlines case or otherwise. Hawaiian Airlines is represented exclusively by its trustee and the trustee's counsel.

U.S. Bankruptcy Court - Hawaii   #04-03063   Dkt # 633   Filed 03/11/05   Page 2 of 5

B. GGI&K is local Hawaii counsel for the Hawaiian Airlines Majority Shareholders and RC Aviation. These entities are primarily represented by mainland counsel who have served, and continue to serve, as lead counsel for those parties in the Hawaiian Airlines case.

C. GGI&K has made full disclosure to the Debtors, the Court, the Hawaiian Airlines Majority Shareholders, and the major creditors in this case (through the filing of the Application and supporting declaration). Each of the clients is highly sophisticated and well-informed, and has consented to GGI&K's representation and waived any conflicts. In addition, no creditor or stockholder has objected.

D. Aloha Airlines is not a creditor or other party in interest in the Hawaiian Airlines case, and Hawaiian Airlines does not appear to hold a material claim against Aloha Airlines.[1]

---

[1] At the hearing on the application, it appeared that Hawaiian Airlines had no creditor claims against the Debtors. The Court observed, however, that it was conceivable that such claims might exist between two airlines operating in the same region, such as interline ticket and baggage claims. After the hearing on the application, counsel for Hawaiian Airlines filed a notice of appearance in this case. Counsel advised GGI&K that Hawaiian Airlines believed it has a claim against Aloha Airlines for the use of dolly carts at the Kahului, Maui, Airport. Counsel informally stated that the claim might be for as much as $500,000. Hawaiian Airlines has not filed a proof of claim, and its counsel has stopped appearing at hearings in this case. The potential claim is not material in the context of these cases and is not of the kind that would require disqualification of counsel.

E. The Hawaiian Airlines case is nearing its conclusion. (After the hearing on the application but before the entry of these findings and conclusions, the Court has made an oral ruling conditionally confirming the Hawaiian Airlines plan of reorganization.) GGI&K's representation in that case will presumably end in the near future.

F. In the event a dispute arises between Hawaiian Airlines and the Debtors, there are other attorneys, in both the Hawaiian Airlines case and the instant cases, who could represent either the Debtors (and the Hawaiian Airlines Majority Shareholders or RC Aviation) on that dispute.

## CONCLUSIONS OF LAW

1. A professional's simultaneous representation of the debtor in possession and a competitor of the debtor does not, in and of itself, render the professional not "disinterested" or require disqualification of the professional. Instead, the facts and circumstances of the case must be examined.

2. Considering all of the existing circumstances, GGI&K is "disinterested" and does "not hold or represent an interest materially adverse" to the Debtors' estates within the meaning of Bankruptcy Code §327(a). Future changes in the circumstances, however, such as a material transaction between the Debtors and Hawaiian Airlines, could change this result.

3.     Good cause exists to grant the Application.

To the extent that any of the foregoing Findings of Fact constitute a Conclusion of Law, it shall be considered a Conclusion of Law and the Court makes said conclusion. To the extent that any of the foregoing Conclusions of Law constitute a Finding of Fact, it shall be considered a Finding of Fact and the Court finds said fact.

DATED: Honolulu, Hawaii, March 11, 2005.

/s/ Robert J. Faris
**United States Bankruptcy Judge**