BERGER SINGERMAN, P.A.
Paul Steven Singerman  378860
Jordi Guso  863580
200 South Biscayne Blvd., Suite 1000
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
E-Mail: singerman@bergersingerman.com
         jguso@bergersingerman.com

DAVID C. FARMER ATTORNEY AT LAW LLLC
David C. Farmer    3946
225 Queen Street, Suite 15A
Honolulu, HI 96813-4639
Telephone: (808) 222-3133
Facsimile: (808) 529-8642
E-Mail: farmerd001@hawaii.rr.com

Counsel to the Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: )<br>)<br>ALOHA AIRGROUP, INC., et al., )<br>)<br>            Debtors. )<br>_____ )<br>)<br>This document relates to: )<br>)<br>ALL CASES )<br>_____ ) | Case No. 04-03063<br>(Chapter 11 Case)<br>(Jointly Administered)<br>(Honorable Robert J. Faris) |

**EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING
INCREASE OF SENIOR DIP LOAN CAP**

ALOHA AIRGROUP, INC. and ALOHA AIRLINES, INC., debtors and

debtors-in possession (collectively the "Debtors" or the "Companies"), file this *Emergency Motion For Entry Of Order Authorizing Increase of Senior DIP Loan Cap* (the "Motion").

This Motion is made on the following grounds:

## THE CHAPTER 11 PROCEEDINGS

1. On December 30, 2004 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors continue to operate and manage their businesses, as debtors-in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 30, 2004 (D.N. 4), the Court entered an order directing the joint administration of the Debtors' cases.

4. On January 12, 2005 (D.N. 121), the Office of the United States Trustee issued its Notice of Appointment of a Committee of Unsecured Creditors.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## DEBTORS' SECURED INDEBTEDNESS

6. On March 24, 2005, the Bankruptcy Court entered its Interim Order (A) Authorizing Secured Postpetition Financing Under 11 U.S.C. §§ 105(a), 362,

364(c)(1), 364(c)(2), 364(c)(3) and 364(d), and F.R.B.P. 4001(c), and (B) Granting Adequate Protection Under 11 U.S.C. §§ 363 and 364 (the "Interim Financing Order"). Pursuant to the Interim Financing Order, the Debtors were authorized to borrow up to $55 million in secured, post-petition financing on an interim basis, and upon final approval, $65 million in such financing (the "Senior DIP Loan") from Ableco Finance, LLC and Goldman Sachs Credit Partners, LP, as co-lenders (collectively, the "Senior DIP Lenders"). The Senior DIP Lenders required that the Senior DIP Loan be guaranteed by Aloha Securities & Investment Co. and Sheridan Ing Partners Hawaii (collectively the "Limited Guarantors") under guarantees secured by $12 million in letters of credit, and upon the terms and conditions contained in the Interim Financing Order and the related loan documents (collectively, the "Senior DIP Loan Documents").

7. On April 11, 2005, the Court entered its Final Order (A) Authorizing Secured Post-Petition Financing Under 11 U.S.C. Sections 105(a), 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d), and Fed. R. Bankr. P. 4001(c) and (B) Granting Adequate Protection Under 11 U.S.C. Sections 363 and 364 (the "Final Financing Order"). The Final Financing Order approved the Senior DIP Loan in all respects.

## THE PROPOSED INCREASE OF SENIOR DIP LOAN

8. On September 24, 2005, the Debtors filed *Debtors' Emergency Motion For Entry Of Order (A) Scheduling Hearing Dates for (i) Approval of the Disclosure Statement and (ii) Confirmation of the Plan of Reorganization, (B)*

*Approving Break-Up Fee and Expense Reimbursement, and (C) Granting Related Relief* (the "Plan Sponsor Motion"). By the Plan Sponsor Motion, the Debtors seek, *inter alia*, an order approving a transaction with Yucaipa (the "Yucaipa Transaction") which will result in the Debtor's emergence from these Chapter 11 proceedings and repayment of the Senior DIP Loan.

9. Pursuant to the Yucaipa Transaction, Aloha Aviation Investment Group, LLC ("AAIG") has purchased a $5 million junior participation in the Senior DIP Loan to provide much needed liquidity to the Debtors, pursuant to a Junior Participation Agreement dated September 22, 2005 (the "Participation Agreement"). The Participation Agreement contemplates that the Senior DIP Loan will be increased, and advances will be made pursuant to a new budget (disregarding previous reductions in the Commitment) up to $68 million, all subject to the terms and agreements set forth in the Participation Agreement.

10. Accordingly, the Debtors seek authority to increase the Senior DIP Loan from $65 million to $68 million (the "Increased Senior DIP Loan"), subject to all of the terms and conditions of the Senior DIP Loan Documents, as previously amended and including the modifications contemplated by the Participation Agreement. The requested relief is necessary for Debtors to meet their postpetition working capital needs and to preserve the value of their bankruptcy estates for the benefit of creditors.

11. The Debtors submit that more than adequate grounds support their

request for emergency relief and an expedited hearing on this Motion. The Debtors' liquidity and availability under the Senior DIP Loan has been severely constrained, and at the worst possible season in the Debtors' highly seasonal operating cycle. The Junior Participation Agreement included in the Yucaipa Transaction, and this increase to the Senior DIP Loan amount, are intended to resolve these issues pending the Effective Date of the Plan.

## **CONCLUSION**

12. Based on the foregoing, the Court should enter an order (a) increasing the maximum amount of the Senior DIP Loan to $68 million, subject to all of the terms and conditions of the original Senior DIP Loan Documents, as amended, and including the modifications contemplated by the Participation Agreement; and (b) granting the Debtors such other legal and equitable relief to which they are entitled.

DATED: Honolulu, Hawaii; September 23, 2005.

/s/ David C. Farmer
PAUL STEVEN SINGERMAN
JORDI GUSO
DAVID C. FARMER

Attorneys for the Debtors